## In the matter of the Petition of Maximilian Meinhardt, arrested at the suit of G. Bernhard Anderson, Conservator of the Estate of Brita Matson, Insane.

### Gen. No. 21,879.   (Not to be reported in full.)

Appeal from the County Court of Cook county; the Hon. THOMAS F. SCULLY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Affirmed. Opinion filed December 19, 1916.

### Statement of the Case.

Petition by Maximilian Meinhardt, an insolvent debtor, for release from imprisonment on an execution *capias ad satisfaciendum.* From an order denying the petition and remanding the petitioner to the custody of the sheriff, the petitioner appeals.

WAGNER & BECKMAN, for appellant.

ANDERSON, ANDERSON & ANDERSON, for appellee.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

### Abstract of the Decision.

1. EXECUTION, § 302*—*who has burden of disproving malice on petition for discharge of insolvent debtor.* On a hearing on a petition of an insolvent debtor for release from imprisonment on an

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

execution in an action of which he claims malice was not of the gist, the burden of proof of such claim is on the petitioner.

2. EXECUTION, § 295*—*what is not conclusive as to whether malice was gist of action.* The mere fact that the statement of claim, filed in an action in which a *capias ad satisfaciendum* issued, does not disclose that malice was of the gist of the action does not entitle an insolvent debtor to release from imprisonment under such an execution, since the evidence offered on the trial may have been sufficient to support the judgment on which the *capias* was issued.